**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

VALERIE CHAVEZ, on behalf of herself
and all others similarly situated,

                Plaintiffs,

    -against-


COLUMBIA DEBT RECOVERY, LLC,

              Defendant.

**<u>CIVIL ACTION</u>**

**CLASS ACTION COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**


**<u>COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES
ACT</u>**

Plaintiff Valerie Chavez ("Plaintiff") brings this action against Columbia Debt Recovery, LLC d/b/a Genesis Credit Management LLC (hereinafter "Defendant" or "CDR"), both on an individual basis and on the behalf of all others similarly situated pursuant to Fed. R. Civ. P. Rule 23, and alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

**<u>PRELIMINARY STATEMENT</u>**

1.      In 1977, Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 USC §§ 1692 *et seq.*, in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors."  15 U.S.C. § 1692(a).  At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*.  Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) and (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*.; § 1692(e).  After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id*.; § 1692k.

3.     Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.,* 516 F.3d 85, 91 (2d Cir. 2008).

4.     In determining whether a collection letter violates the FDCPA, courts in the Second Circuit apply the "least sophisticated consumer standard." *Jacobson*, 516 F.3d at 91. In applying this standard, it is not relevant whether the particular debtor was confused or misled by the communication that was received. *See Jacobson,* 516 F.3d at 91.

5.     Under the least sophisticated consumer standard, a collection letter violates the FDCPA where the letter contains language that is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

6.     In recovering damages under the FDCPA, a consumer need not show that the conduct or communication made by the debt collector was intentional. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 1993). Rather, the FDCPA is a strict liability statute, and a single violation is sufficient to establish civil liability against the debt collector. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir 1993).

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because this is where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

9.      Plaintiff is a natural person and a resident of New York, New York.

10.     Plaintiff is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

11.     Upon information and belief, Defendant's principal place of business is located at 906 SE Everett Mall Way, Suite 301, Everett, Washington, 98208-3744 and their designated agent for service of process is Corporation Service Company located at 80 State Street, Albany, New York 12207-2543.

12.     Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

13.     Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

14.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15.     The Class consists of:

(a) all individuals with addresses in the state of New York;

(b) to whom Defendant sent an electronic communication in the form represented by Exhibit A to the complaint in this action;

3

(c) seeking to collect a debt for personal, family, or household purposes;

(d) which was sent on or after a date one (1) year prior to the filing of this action.

16. Excluded from the Class are Defendant and all officers, members, partners, managers, directors, and employees of Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692e.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy**: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal

issues, and class actions. Neither Plaintiff nor Plaintiff's counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

19.     Depending on the outcome of further investigation and discovery, Plaintiff reserves the right to amend the class definition.

## STATEMENT OF FACTS

20.     Some time prior to November 11, 2019 an alleged debt was incurred to The River Club ("River Club").

21.     The alleged River Club debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

22.     The alleged River Club obligation is a "debt" as defined by 15 U.S.C.§1692a(5).

23.     River Club is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

24.     On or about September 22, 2020, Defendant sent, or caused to be sent, an email (the "Email") to Plaintiff regarding the alleged debt. *See* <u>Exhibit A</u>.

25.     Upon information and belief, the Email is a form debt-collection communication, generated by a computer, with information specific to Plaintiff inserted by a computer.

26.     Plaintiff received the Email and read it.

27.     The Email states an outstanding balance of $430.06.

28.     The Email contains a "time-sensitive, special offer to discount [Plaintiff's] debt" with a balance reduction of "up to 50%."

29.     The Email was the first communication that Plaintiff received from Defendant.

30.     Under § 1692g, within five days of an initial communication with a consumer, a debt collector must provide a written notice, known as a "G-notice", that contains relevant information about the alleged debt and how to dispute it.

31.     The Email omits the statutorily required G-notice.

32.     Plaintiff did not receive a written notice containing the G-notice from Defendant CDR within five days of the Email.

33.     The Email states that the "Original Creditor" is "The River Club" but does not identify the current owner of the debt.

34.     The Email demands that payment be made to Defendant CDR but fails to explain whether The River Club or Defendant CDR is the current owner of the alleged debt.

35.     In fact, the statement that The River Club is the original creditor suggests that The River Club is not the current creditor because it assigned or otherwise transferred the debt.

36.     The Email therefore leaves the least sophisticated consumer in doubt as to whom the alleged debt is owed and whether it is legitimate.

37.     Defendant's failure to identify the current creditor is deceptive and would undermine the least sophisticated consumer's ability to respond intelligently to Defendant's dunning Email.

38.     The Email also displays Plaintiff's purported account number as follows [redacted for privacy purposes]:

TAX – Account #: ▮▮▮▮▮

39.     Plaintiff became concerned and uncertain whether Defendant's inclusion of the term "TAX" implied she would incur tax liability for any debt discharged as a result of Defendant's time-sensitive balance reduction offer.

40.     Plaintiff became further concerned and uncertain whether the outstanding balance itself could trigger potential tax consequences if the debt was not promptly paid.

41.     Defendant's willful inclusion of the aforementioned "TAX" language without clarification is false, deceptive and misleading to the least sophisticated consumer.

42.     The Email also includes the following representation:

**TO ALL CONSUMERS – Notice about Electronic Check Conversion:** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment and you will not receive your check back from your financial institution. Also, you authorize us to represent a check as an electronic fund transfer from your account if your payment is returned unpaid.

43.     The statement that "[w]hen you provide a check as payment…funds may be withdrawn from your account as soon as the same day we receive your payment" is false, deceptive and misleading to the least sophisticated consumer.

44.     The least sophisticated consumer may reasonably infer that in making this

7

statement Defendant is reserving the right to process any check on the date of receipt as an "electronic fund transfer" irrespective of whether the check was postdated.

45.     The Email does not contain any disclaimer advising the least sophisticated consumer not to send post-dated checks.

46.     The least sophisticated consumer would therefore reasonably infer that a check processed as an "electronic fund transfer" may therefore occur as soon as the date that Defendant receives the check, irrespective of postdating.

47.      The FDCPA, however, expressly prohibits "depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument. 15 U.S.C.§1692f(4).

48.     Therefore, the statement made by Defendant that they may process postdated checks on the date of receipt is misleading.

49.     This false statement would materially affect the decision making of the least sophisticated consumer who might reasonably desire to mail payment of their debt using a post-dated instrument.

50.     As such, Defendant's statement is deceptive and misleading.

51.     Defendant's conduct harmed Plaintiff.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e *et seq*.

52.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53.     Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

8

54.     Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

55.     Defendant violated said section by making a false and misleading representation in violation of § 1692e(10).

56.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated § 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692f *et seq*.**

57.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

58.     Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f(4).

59.     Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means in connection with the collection of any debt.

60.     Defendant violated said section by making a false and misleading representation in violation of § 1692f(4), which prohibits Defendant from depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

61.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated § 1692f *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

62.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)     Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  December 9, 2020            **COHEN & MIZRAHI LLP**


_____
/s/ Joseph H. Mizrahi
JOSEPH H. MIZRAHI

JONATHAN B. WEISS
JOSEPH H. MIZRAHI
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone:  929/575-4175
929/575-4195 (fax)
joseph@cml.legal
jonathan@cml.legal

*Attorneys for Plaintiff*

11